IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Alex D. Taylor, #274939, | C/A No.: 1:12-2550-MGL-SVH |
| Plaintiff, | |
| vs. | REPORT AND RECOMMENDATION |
| James Blackwell, Disciplinary Hearing Officer (DHO), | |
| Defendant. | |

Plaintiff Alex D. Taylor, proceeding pro se and in forma pauperis, brings this civil action pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights while incarcerated at Lieber Correctional Institution ("LCI"). Plaintiff sues disciplinary hearing officer James Blackwell ("Defendant") for allegedly violating his Fourteenth Amendment rights during a prison disciplinary hearing. Before the court is Defendant's motion to dismiss, or in the alternative, for summary judgment [Entry #28]. Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B), and Local Rule 73.02(B)(2)(d) (D.S.C.), the undersigned is authorized to review such complaints for relief. Because the motion is dispositive, this Report and Recommendation is entered for review by the district judge.

I.      Factual and Procedural Background

On May 11, 2011, Plaintiff appeared before Defendant for the disciplinary offense of throwing a substance on Sergeant Grealin Frazier. [Entry #1 at 4]. Frazier participated in the hearing by speakerphone. [Entry #28-2]. However, the speakerphone was not working properly and Frazier could not be heard by the parties or recorded. *Id*. Therefore, Defendant spoke to Frazier on the telephone and repeated Frazier's words on the record.

*Id*. Frazier avers that he has reviewed the audio of the hearing and that his responses were repeated accurately. *Id*. at 1–2. Neither Plaintiff nor Francine Bachman, his counsel substitute objected to Defendant's repeating Frazier's answers during the hearing to preserve the record. [Entry #34-1 at 2].

In his complaint, Plaintiff alleges his due process rights were violated because neither he nor Bachman could hear Frazier's actual responses to the questions. [Entry #1 at 4–5]. Plaintiff also claims he was not given an opportunity to question certain witnesses he requested prior to the hearing. *Id.* at 5. Bachman states that one of the witnesses requested could not be located and the other witness was not called because he did not support Plaintiff's position. [Entry #34-1 at 2–3]. Defendant found Plaintiff guilty and sentenced him to 360 days of loss of visitation, canteen, and telephone privileges and 180 days of disciplinary detention. [Entry #1 at 4–5]. Plaintiff seeks monetary and injunctive relief. *Id.*

Defendant filed his motion for summary judgment on January 15, 2013. [Entry #28]. Pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the court advised Plaintiff of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to Defendant's motion [Entry #29]. Plaintiff timely filed a response in opposition to Defendant's motion [Entry #33], and Defendant filed a reply [Entry #34]. This matter having been fully briefed, it is now ripe for disposition. Having carefully considered the parties' submissions and the record in this case, the court recommends Defendant's motion be granted.

II.     Discussion

    A.     Standard for Summary Judgment[1]

The court shall grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant bears the initial burden of demonstrating that summary judgment is appropriate; if the movant carries its burden, then the burden shifts to the non-movant to set forth specific facts showing that there is a genuine dispute for trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). If a movant asserts that a fact cannot be disputed, it must support that assertion either by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials;" or "showing . . . that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1).

In considering a motion for summary judgment, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are

---

[1] Although Defendants couch their motion as a motion to dismiss or, in the alternative, for summary judgment, they have submitted documents outside of the pleadings. Therefore, the court construes it as a motion for summary judgment pursuant to Fed. R. Civ. P. 12(d). *See Logar v. W.V. Univ. Bd. of Governors*, 493 Fed. Appx. 460 (4th Cir. 2012).

irrelevant or unnecessary will not be counted." *Id.* at 248. Further, while the federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case, *see, e.g., Cruz v. Beto*, 405 U.S. 319 (1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts that set forth a federal claim, nor can the court assume the existence of a genuine dispute of material fact when none exists. *Hill v. O'Brien*, 387 Fed. Appx. 396, 399–400 (4th Cir. 2010).

B.   Analysis

Plaintiff alleges his due process rights under the Fourteenth Amendment of the United States Constitution were violated in a disciplinary hearing because: (1) he could not hear the accuser's responses on the telephone and was forced to rely on Defendant to repeat the answers; and (2) he was not given an opportunity to call the witnesses he requested. [Entry #1 at 4–5].

Disciplinary proceedings that implicate a protected liberty interest demand due process. *See Wolff v. McDonnell*, 418 U.S. 539 (1974). In order to prevail on a due process claim, an inmate must first demonstrate that he was deprived of "life, liberty, or property" by governmental action. *Beverati v. Smith*, 120 F.3d 500, 502 (4th Cir. 1997). When the punishment does not cause the original sentence to be enhanced, protected interests will be generally limited to freedom from restraint that impose atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life. *Sandin v. Conner*, 515 U.S. 472, 486 (1995) (holding that disciplinary segregation did not

4

present the type of atypical, significant deprivation that might create a liberty interest).

Although Plaintiff has alleged that the disciplinary conviction and sentence impose an atypical or significant hardship, the law is well-settled that placement in disciplinary segregation and the temporary loss of privileges such as canteen access, visitation, and telephone privileges do not implicate a liberty interest. Changes "in a prisoner's location, variations of daily routine, changes in conditions of confinement (including administrative segregation), and the denial of privileges [are] matters which every prisoner can anticipate [and which] are contemplated by his original sentence to prison." *Gaston v. Taylor*, 946 F.2d 340, 343 (4th Cir. 1991); *See also Slezak v. Evatt*, 21 F.3d 590 (4th Cir. 1994) (the Constitution vests no liberty interest in inmates retaining or receiving any particular security or custody status as long as the conditions or degree of confinement is within the sentence imposed); *Ordaz v. Lynaugh*, No. 93-4290, 1994 WL 144882, *2 (5th Cir. 1994) ("*Wolff* . . . does not determine the procedural requirements for disciplinary action such as restriction of commissary privileges."); *Bazzetta v. McGinnis*, 430 F.3d 795, 802–05 (6th Cir. 2005) (regulation banning virtually all visitation for inmates found guilty of two or more violations of major misconduct was not a dramatic departure of a typical and significant hardship in relation to ordinary incidents of prison life necessary to implicate a state-created liberty interest, and thus did not rise to level of egregious conduct necessary to violate the guarantees of Fourteenth Amendment's procedural due process clause). Thus, Plaintiff has failed to show that the disciplinary conviction enhanced his sentence in a way that implicates a protected liberty

interest and gives rise to a due process clause.

Although Plaintiff claims that he has been in disciplinary segregation for almost 11 years [Entry #33 at 3–4], the only issue before the court is whether the sentence at issue implicates a liberty interest.  Plaintiff claims that the disciplinary conviction affected the duration of his sentence because "with every disciplinary conviction[,] Plaintiff's release date moves up." *Id.* However, he has not submitted any proof of this allegation.  Additionally, Plaintiff's response brief indicates that he did not lose any good-time credits. [Entry #33 at 8].

Further, Plaintiff's due process claim would be subject to summary dismissal even if he had alleged the loss of good-time credits due to the disciplinary conviction.  First, habeas corpus is the exclusive remedy for a prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release. *See Preiser v. Rodriguez,* 411 U.S. 475, 500 (1973).  To the extent Plaintiff may be seeking the return of any earned good-time credits, such relief is unavailable in a § 1983 action. Second, a claim for monetary damages associated with the loss of good-time credits would be barred by the holding in *Heck v. Humphrey*, 512 U.S. 477, 487 (1994).  In *Heck*, the United States Supreme Court held that a state prisoner's claim for damages is not cognizable under § 1983 where success of the action would implicitly question the validity of the conviction or duration of the sentence, unless the prisoner can demonstrate that the conviction or sentence has been previously invalidated.  *Heck's* ruling was subsequently extended to a prisoner's claim for damages regarding loss of good-time credits in *Edwards v. Balisok*,

520 U.S. 641, 648 (1997) (A "claim for declaratory relief and money damages, based on allegations of deceit and bias on the part of the decisionmaker that necessarily imply the invalidity of the punishment imposed, is not cognizable under §1983."). In the instant case, Plaintiff has not demonstrated that his disciplinary conviction has been successfully challenged or overturned. Therefore, any claim for damages he may be seeking for a loss of good-time credits would be subject to summary dismissal. As such, Plaintiff's due process claim must fail.

III.     Conclusion and Recommendation

For the foregoing reasons, it is recommended that Defendant's motion for summary judgment [Entry #28] be granted and this case be dismissed with prejudice.

IT IS SO RECOMMENDED.

*Shiva V. Hodges*

April 5, 2013                                     Shiva V. Hodges
Columbia, South Carolina                          United States Magistrate Judge

**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).