IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Alex D. Taylor, #274939, ) | C/A No.: 1:12-2550-MGL |
| ) | |
| Plaintiff, ) | |
| ) | Opinion and Order |
| vs. ) | |
| ) | |
| James Blackwell, Disciplinary Hearing ) | |
| Officer(DHO), ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

Plaintiff Alex B. Taylor ("Plaintiff"), a self-represented inmate with the South Carolina Department of Corrections ("SCDC") housed at Lieber Correctional Institution, brings this action pursuant to 42 U.S.C. § 1983. Plaintiff's complaint alleges that his right to due process was violated during a disciplinary hearing. Plaintiff seeks monetary and injunctive relief.

The matter is before the court on the Defendant's motion to dismiss or in the alternative for summary judgment and Plaintiff's motion for a subpoena. (ECF Nos. 28 & 41).  By order filed April 5, 2013, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir.1975), Plaintiff was advised of the summary judgment procedure and the possible consequences if he failed to adequately respond. (ECF No.29).  On February 21, 2013, Plaintiff filed a response in opposition to Defendant's motion for summary judgment.  (ECF No. 33).

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D. S.C., the matter was referred to United States Magistrate Judge Shiva V. Hodges for pretrial handling.  On August 21, 2008, the Magistrate Judge issued a Report and Recommendation ("Report") in which she recommended that Defendants' motion for summary judgment be granted.  Plaintiff filed timely objections to the Report and Recommendation.  (ECF No. 43).

1

**STANDARD OF REVIEW**

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270, 96 S.Ct. 549, 46 L.Ed.2d 483 (1976). The court is charged with making a *de novo* determination of any portions of the Report to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The district court is obligated to conduct a *de novo* review of every portion of the Magistrate Judge's report to which objections have been filed. *Id*. However, the court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir.1982). The court reviews only for clear error in the absence of a specific objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310 (4th Cir.2005).

**DISCUSSION**

The Report sets forth in detail the relevant facts and standards of law on this matter and the court incorporates and summarizes them below in relevant part. Plaintiff contends that his due process rights were violated in a disciplinary hearing because: (1) he could not hear the accuser's responses on the telephone and was forced to rely on Defendant to repeat the accuser's answers; and (2) he was not given an opportunity to call the witnesses he requested. (ECF No. 1 at 4-5). Following the hearing, Defendant found Plaintiff guilty and sentenced him to 360 days of loss of visitation, canteen, and telephone privileges, and 180 days of disciplinary detention. (ECF No. 1 at

4-5). On September 6, 2012, Plaintiff filed this action alleging violations of his constitutional rights. The Magistrate Judge, after reviewing the record, concluded that Plaintiff had not suffered a deprivation of his constitutional rights and recommended this Court grant Defendant's motion for summary judgment and that this case be dismissed. (ECF No 36 at 7). Plaintiff objects to the Magistrate Judge's recommendation.

## PLAINTIFF'S OBJECTIONS

Plaintiff lodged four objections to the Report. Upon review, the court concludes that Petitioner's objections fail to establish that the Report errs in any respect. The objections either state general disagreement with the Report's conclusions, or include argument that was considered and rejected by the Magistrate Judge. Nonetheless, out of an abundance of caution, the court will address Plaintiff's objections.

The gist of Plaintiff's objections appear to be that Plaintiff believes that the Magistrate Judge erred in finding that Plaintiff was afforded adequate due process in his disciplinary hearing. In Plaintiff's first objection, he contends *inter alia* that the Magistrate Judge erroneously applied the "atypical and significant" hardship standard in this case. (ECF No. 43 at 1). In Plaintiff's first objection, he asserts that the Magistrate Judge "focused on the loss of privileges itself and the fact of 'disciplinary segregation'" whereas the Magistrate Judge should have focused on whether or not "the 'conditions' described by Plaintiff in relation to the disciplinary segregation 'imposes atypical and significant hardship' in relation to the 'ordinary incidents of prison life.'" *Id.* Upon review the court finds no merit in this objection. The record indicates that the Magistrate Judge properly considered whether the "conditions" described by Plaintiff created an atypical and significant hardship on Plaintiff in relation to the ordinary incidents of prison life. *See Gaston v. Taylor*, 946

3

F.2d 340 (4th Cir. 1991). Lawful imprisonment necessarily makes unavailable many rights and privileges of the ordinary citizen, a retraction justified by the considerations underlying our penal system. *Wolff v. McDonnell*, 418 U.S. 539, 555, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974) (*quoting Price v. Johnston*, 334 U.S. 266, 285, 68 S.Ct. 1049, 92 L.Ed. 1356 (1948). Plaintiff's objection is overruled.

Second, Plaintiff objects to the Magistrate Judge's conclusion that Plaintiff had not submitted "proof" to support his allegation that his release date was extended due to the outcome of the disciplinary hearing. Review of the record confirms that Plaintiff had not submitted "proof" that his release date had been extended due to the sentence imposed following the disciplinary hearing. In fact, after the Magistrate Judge issued her Report, and prior to the time Plaintiff filed his objections, Plaintiff filed a motion for a subpoena dues tecum in order to obtain information concerning his release date. (ECF No. 41). Plaintiff's objection is overruled.

In Plaintiff's third objection, he disputes the Magistrate Judge's finding that claims challenging the duration of his sentence must be presented in a *habeas corpus* proceeding. The Magistrate Judge correctly determined that *habeas corpus* proceedings are the proper mechanism for a prisoner to challenge the legality or duration of his confinement. *See Preiser v. Rodriguez*, 411 U.S. 475, 484, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973). Petitioner's objection is overruled.

Plaintiff contends in his fourth objection that the Magistrate Judge did not address whether or not Plaintiff had received "minimal procedural due process rights." The court disagrees. In the Report, the Magistrate Judge indicated "[d]isciplinary proceedings which implicate a protected liberty interest demand due process. "*See Wolff v. McDonnell*, 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974). Further, in order to prevail on a procedural due process claim, an inmate must first

4

demonstrate that he was deprived of "life, liberty, or property" by governmental action. *Beverati v. Smith*, 120 F.3d 500, 502 (4th Cir.1997). As discussed fully in the Report, the complaint fails to allege that Plaintiff's disciplinary hearing resulted in loss of a liberty interest. Additionally, as noted in the Report, Plaintiff's loss of privileges does not raise a constitutional issue, because a prisoner has no constitutionally protected liberty interest in privileges. *Id.* at 571. Plaintiff's objection is overruled.

## CONCLUSION

The court has thoroughly reviewed the record, including the relevant filings, the Report, objections to the Report, and applicable law. The court has further conducted the required review of Plaintiff's objections and finds them without merit. For the reasons stated by the Magistrate Judge, the court hereby overrules Plaintiff's objections and adopts and incorporates the Magistrate Judge's Report.

**IT IS THEREFORE ORDERED** that Defendant's Motion for Summary Judgment (ECF No. 28) is **GRANTED**, and this case is **DISMISSED**, with prejudice.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for a Subpoena (ECF No. 41) is **DENIED.**

**IT IS SO ORDERED.**

/s/Mary G. Lewis
United States District Judge

July 19, 2013
Spartanburg, South Carolina